UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**               O

| Case No. | EDCV16-2353-CAS(SPx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | SHAWN JOSEPH ANDERSON v. COUNTY OF SAN BERARDINO, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Christian Pereira | Laura Crane |

**Proceedings:** PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (Dkt. 26, filed October 30, 2017)

## I. INTRODUCTION & BACKGROUND

On November 14, 2016, plaintiff Shawn Anderson filed a complaint in the instant action against defendants County of San Bernardino (the "County"), Sheriff John McMahon, Doe 1, Doe 2, Does 4 through 7, and Does 8 through 10 (collectively, "defendants"). Dkt. 1. On June 12, 2017, plaintiff filed a first amended complaint. Dkt. 17. On June 28, 2017, plaintiff filed a second amended complaint. Dkt. 19 ("SAC"). On July 12, 2017, defendants filed an answer to the complaint. Dkt. 21.

On October 30, 2017, plaintiff filed a motion for leave to file a third amended complaint. Dkt. 26 ("Motion"). On November 13, 2017, defendants filed an opposition, dkt. 27 ("Opp'n), and a request for judicial notice, dkt. 29 ("RJN").[1] On November 20, 2017, plaintiff filed a reply. Dkt. 30 ("Reply").

Plaintiff asserts the following claims in his complaint: (1) unconstitutional use of force in violation of 42 U.S.C. § 1983; (2) municipal/supervisory liability for unconstitutional customs and practices in violation of 42 U.S.C. § 1983; (3) state civil rights violation, Cal. Civ. Code § 52.1; (4) assault and battery; and (5) negligence. See SAC.

---

[1] Defendants request that the Court take judicial notice of the San Bernardino County Superior Court docket in the matter The People of the State of California v. Shawn Anderson, case no. FMB1500480, dkt. 29 & Ex. A. In light of the fact that the Court does not rely on this document in reaching its decision, the Court declines to judicially notice this public record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | EDCV16-2353-CAS(SPx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | SHAWN JOSEPH ANDERSON v. COUNTY OF SAN BERARDINO, ET AL. | | |

Plaintiff alleges that during his October 17, 2015 seizure and arrest by the County's sheriff's deputies, deputies John Ades and Sean Struebing deployed two 40mm non-lethal impact rounds that impacted plaintiff on his left shoulder. Motion at 3. Plaintiff alleges that he was complying with the deputies' commands at the time. Id. Plaintiff's resulting injuries include a torn rotator cuff and nerve damage. Id.

## II. LEGAL STANDARDS

Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). "Absent prejudice, or a strong showing of any of the remaining ... factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted); see Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999) (stating that when a court conducts a Rule 15(a) analysis, generally all inferences should be drawn in favor of granting the motion).

## III. DISCUSSION

Plaintiff's first claim alleges violations of section 1983, and accordingly, plaintiff explains that he pleaded the individual conduct of doe defendants to reserve their position in the lawsuit and place the County on notice until he could determine their true identities. Motion at 3. On September 25, 2017, the Court issued a scheduling order and plaintiff was given until October 30, 2017 to request leave to amend the pleadings. Id. at 4. On October 30, 2017, plaintiff called defendants to discuss substituting Doe 1 and 2 for defendants John Ades and Sean Struebing. Id. For the first time ever, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-2353-CAS(SPx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | SHAWN JOSEPH ANDERSON v. COUNTY OF SAN BERARDINO, ET AL. | | |

asserts, defendants' counsel stated that she needed to speak with her client before allowing the amendment. Id. Counsel notified plaintiff by the end of the day that defendants would oppose amending the complaint. Id.

Plaintiff asserts that the proposed substitution of the actual deputies—who, according to defendant's Rule 26 initial disclosures, used force on plaintiff—does not prejudice defendant. Id. at 5. Moreover, plaintiff contends that this amendment would not lengthen the litigation because fact discovery cut-off is March 1, 2018. Id. Plaintiff further argues that, because respondeat superior liability may not be imposed on local government entities under section 1983, it is *required* that plaintiff add the individual deputies who allegedly used force against him. Id. at 5–6.

Defendants argue that plaintiff waited until October 30, 2017 to file the instant motion, and filed this motion without complying with L.R. 7-3.[2] Additionally, as a result of plaintiff's conduct, defendants argue that the sheriff's deputies face the potential of learning that they are the subjects of a lawsuit just three months before the discovery cut-off, and after plaintiff's deposition.

The Court observes that, under the Rule 15 standard, there is a presumption that the Court should allow leave to amend absent prejudice, bad faith, undue delay, or futility of amendment. Insofar as defendants contend there is prejudice, the deputies involved in the incident presumably knew they were involved, and it cannot be said that they are unfairly surprised. Likewise, it cannot be said that the newly added deputies are prejudiced to the extent that they participated in the incident that is the subject of the complaint. Moreover, given that the discovery cutoff is March 1, 2018, there is ample time for the newly added defendants to prepare their defense.

The Court grants plaintiff leave to file a third amended complaint to substitute sheriff's deputies John Ades and Sean Struebing for Doe 1 and Doe 2 defendants.

---

[2]    Insofar as defendants assert that the Court should deny plaintiff's motion on the grounds that plaintiff failed to meet and confer prior to filing the instant motion, as required by Local Rule 7-3, the Court declines to do so at this juncture. The Court (1) admonishes all parties to abide by the Local Rules in future proceedings, and (2) warns all parties that failure to meet and confer prior to filing motions constitutes grounds for denial of a motion or imposition of other monetary or non-monetary sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV16-2353-CAS(SPx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | SHAWN JOSEPH ANDERSON v. COUNTY OF SAN BERARDINO, ET AL. | | |

Plaintiff filed the instant motion on October 30, 2017—the final day to request leave to amend pleadings according to the Court's September 25, 2017 scheduling order. Considering the motion's timeliness, defendants do not demonstrate bad faith, undue delay, prejudice, or futility of amendment to warrant the Court's denial of leave to amend, particularly when the Court is obligated to draw all inferences in favor of granting the motion. See Griggs, 170 F.3d 877 at 880.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** plaintiff's motion for leave to file a third amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CL | |